UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WILSON III,<br><br>    Plaintiff,<br><br>    v.<br><br>TOWN OF DANVILLE, et al.,<br><br>    Defendants. | Case No. 17-cv-00863-DMR<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S *MONELL* CLAIM WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 10 |

Defendants Town of Danville and Danville Police Officer Tyler Nelson ("Nelson") (collectively "Defendants") move to dismiss Plaintiff John Wilson III's third cause of action against the Town of Danville alleging municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) ("*Monell* claim"). Motion to Dismiss ("MTD") [Docket No. 10]. Plaintiff opposes. [Docket No. 13]. The court finds this matter appropriate for resolution without oral argument. *See* Civ. L.R. 7-1(b). Having considered the parties submissions, and for the reasons stated below, Defendants' motion is **GRANTED.**

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff makes the following allegations in his complaint, all of which are taken as true for purposes of this motion.[1] On the morning of February 13, 2015, Plaintiff was sitting inside a parked car in the parking lot of the Best Western Motel located at 803 Camino Ramon, Danville, California. Complaint [Docket No. 1] ("Compl."), ¶ 9. Nelson approached Plaintiff and asked him why he was sitting in the parking lot. Plaintiff responded that he was a guest at the motel and was waiting for his girlfriend to unlock the door to their room. *Id.*, ¶ 10. Plaintiff asked Nelson

---

[1] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

why he stopped him. Nelson replied that Plaintiff looked suspicious. *Id*. When Plaintiff lifted the console inside the car to show Nelson his identification, Nelson noticed a small amount of cannabis inside the console. *Id*. Nelson questioned Plaintiff about the cannabis, and Plaintiff responded that the cannabis did not belong to him. *Id*. Nelson then called for back-up, at which point approximately 10 police officers including K9 officer[2] Rony arrived on scene. *Id*., ¶ 11. Without cause or provocation, the officers began violently beating Plaintiff. *Id*. One officer aggressively pulled Plaintiff's dreadlocks, and another repeatedly punched Plaintiff in the face. *Id*. Nelson then released Rony on Plaintiff. *Id*. The officers watched as Rony bit Plaintiff's abdomen, arms, and thighs. *Id*. As a result of the incident, Plaintiff suffered multiple injuries to his left arm, right forearm, stomach, chest, left thigh, and face. *Id*., ¶ 13.

Plaintiff thereafter filed this civil rights action against Defendants alleging seven federal and state law claims including: 1) a 42 U.S.C. § 1983 unlawful search and seizure claim based on the Fourth Amendment; 2) a section 1983 excessive force claim based on the Fourth Amendment; 3) a section 1983 claim for municipal liability under *Monell* ; 4) violation of California's Bane Act, California Civil Code section 52.1; 5) negligence; 6) battery; and 7) intentional infliction of emotional distress. All but the *Monell* claim are alleged solely against Nelson.

Defendants now move to dismiss Plaintiff's *Monell* claim against the Town of Danville.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson*, 551 U.S at 94, and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc*., 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009);

---

[2] Plaintiff uses the term "K9 officer" to refer to a police dog.

*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

### B. *Monell* Claim

"A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell*, 436 U.S. at 694). Under section 1983, "local governments are responsible only for 'their own illegal acts' . . . and are not vicariously liable under § 1983 for their employee's actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)) (emphasis omitted).

In order to establish liability under *Monell*, a plaintiff must demonstrate that (1) the plaintiff "possessed a constitutional right of which [s]he was deprived;" (2) that the municipality had a policy, custom and/or practice; (3) that the policy, custom and/or practice "amounts to deliberate indifference to the plaintiff's constitutional right;" and (4) the municipal policy, custom and/or practice was "the moving force behind the constitutional violation." *Dougherty*, 654 F.3d at 900.

In *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), the Ninth Circuit set forth the following pleading standard to be applied to *Monell* claims:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not

3

|   |   |
|---|---|
| 1 | unfair to require the opposing party to be subject to the expense of discovery and continued litigation. |

*Id*.; *see also AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (reasserting *Starr* pleading standard for *Monell* claims); *Galindo v. City of San Mateo*, No. 16-CV-03651-EMC, 2016 WL 7116927, at *5 (N.D. Cal. Dec. 7, 2016) (explaining that "*Monell* allegations must be [pled] with specificity"); *La v. San Mateo Cty. Transit Dist*., No. 14-CV-01768-WHO, 2014 WL 4632224, at *7 (N.D. Cal. Sept. 16, 2014) (same); *Bagley v. City of Sunnyvale*, No. 16-CV-02250-LHK, 2017 WL 344998, at *11 (N.D. Cal. Jan. 24, 2017) (same).

## III. DISCUSSION

Plaintiff alleges on information and belief that the Town of Danville is liable under *Monell* because it has a custom, policy, and/or practice of (1) "condoning and tacitly encouraging the abuse of police authority and disregard for the constitutional rights of its citizens," Compl., ¶ 22; (2) of deliberate indifference to the "repeated violations of the constitutional rights of citizens by officers of the Danville Police Department," *id*., ¶ 23; and (3) of "failing to properly and adequately investigate, train, supervise, monitor, instruct, and discipline" its police officers, *id*., ¶¶ 14, 25. According to Plaintiff, the acts and/or omissions complained of in his complaint including the deprivation of his constitutional rights were the "proximate result" of these aforementioned customs, polices, and/or practices. Compl., ¶¶ 23-26.

Defendants move to dismiss Plaintiff's *Monell* claim on the grounds that it is conclusory and fails to allege sufficient facts to support municipal liability.

In response, Plaintiff cites two cases which are readily distinguishable. In each case, the complaint pleaded more concrete and specific facts to support a *Monell* claim than Plaintiff pleads here. In *Phillips v. County of Fresno*, No. 1:13-CV-0538 AWI BAM, 2013 WL 6243278, at *10 (E.D. Cal. Dec. 3, 2013), the district court held that the "allegation of a causal relationship on 'information and belief' may be sufficient to establish a causal relationship," and found that although the plaintiff's *Monell* claim was sparse, the plaintiff pleaded enough facts regarding the jail's prior problems of understaffing and overcrowding to provide adequate notice of the claim to the defendant. Similarly, in *Estate of Duran v. Chavez*, No. 2:14-cv-02048-TLN-CKD, 2015 WL 8011685, at *9 (E.D. Cal. Dec. 7, 2015), the district court found that the plaintiffs pleaded enough

4

facts to support a claim for supervisor liability under *Monell* and pointed, among other allegations, to the plaintiffs' allegations regarding the supervising officer's personal observations of the decedent's distress and his subordinate officers' failure to obtain medical treatment for the decedent. By contrast here, Plaintiff pleads no specific facts or allegations to support his claim for municipal liability.

Indeed, Plaintiff appears to concede that his *Monell* claim as currently pleaded is insufficient under the current pleading standards. In his opposition brief, Plaintiff describes his *Monell* claim as asserting that the Town of Danville (1) failed to train officers to recognize and avoid excessive/unreasonable force including the appropriate deployment of K9 officers; (2) failed to discipline its officers in the use of excessive force; and (3) failed to properly train Nelson and discipline him for his use of force against Plaintiff. *See* Opp'n at 5. Tellingly, none of these allegations appear in his complaint, which contains only generic references to the Town of Danville's failure to train and/or discipline its police officers. *See* Compl., ¶¶ 14, 25. The court will not consider new allegations which appear only in Plaintiff's opposition brief. *See Schneider v. Calif. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis omitted); *see also Albano v. Cal-W. Reconveyance Corp.*, No. 4:12-CV-4018 KAW, 2012 WL 5389922, at *6 (N.D. Cal. Nov. 5, 2012) (declining to address new allegations in plaintiff's opposition to the motion to dismiss); *Qureshi v. Countrywide Home Loans, Inc.*, No. C09-4198 SBA, 2010 WL 841669, at *9, n.5 (N.D. Cal. Mar. 10, 2010) (declining to consider new allegations in plaintiff's opposition to the motion to dismiss which attempted to expand the scope of the plaintiff's appraisal fraud claim).

Plaintiff's *Monell* claim is insufficient as currently pleaded. However, the court grants Plaintiff leave to amend. Amendment is liberally allowed under Rule 15. *See* Fed. R. Civ. P. 15(a)(2) (courts should "freely give leave when justice so requires"). Additionally, there is no reason to deny leave to amend at this early stage in the case. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that in the absence of an "apparent or declared reason," such as undue delay,

bad faith or dilatory motive, prejudice to the opposing party, futility of the amendments, or repeated failure to cure deficiencies in the complaint by prior amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint).

Defendants make the reasonable suggestion that the court should grant the motion without prejudice to Plaintiff later seeking leave to add a *Monell* claim once Plaintiff has conducted appropriate discovery. Accordingly, the due date for Plaintiff's amended pleading will be discussed at the June 7, 2017 Case Management Conference. The parties should discuss an appropriate deadline for amendment in their Joint Case Management Conference Statement, which is due on May 31, 2017.

## IV. CONCLUSION

In conclusion, the court grants Defendants' motion to dismiss the *Monell* claim with leave to amend. The due date for Plaintiff's amended pleading will be discussed at the upcoming June 7, 2017 Case Management Conference.

**IT IS SO ORDERED.**

Dated: May 30, 2017



Donna M. Ryu
United States Magistrate Judge